IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-311-BO

| | |
|---|---|
| SHARON L. HOLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PK MANAGEMENT, LLC, MILLBANK ) | |
| COURT APARTMENTS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons set forth herein, the Motion is GRANTED.

## INTRODUCTION

In July of 2008, Plaintiff submitted a rental application to Defendant PK Management, LLC, for the rental of a Section 8 subsidized apartment. Plaintiff thereafter inquired as to the availability of Apartment 1201 located at 1500 North Raleigh Boulevard in Raleigh, North Carolina. Although PK Management informed Plaintiff that Apartment 1201 was a market rate unit, Plaintiff and PK Management entered into a lease for a term of one year at the monthly rental rate of $564.00.

Plaintiff did not pay rent as required by the lease and was evicted pursuant to a judgment of summary ejectment in Wake County Court. Plaintiff thereafter unsuccessfully brought a civil action concerning the conditions of the premises in Wake County Court.

Defendants filed the instant Motion to Dismiss on April 21, 2010. Plaintiff was informed

of her right to respond to the Motion to Dismiss but has not done so. The Motion is now ripe for ruling.

## DISCUSSION

Plaintiff's complaint alleges wrongful eviction, failure to comply with Department of Housing and Urban Development ("HUD") regulations, failure to provide a safe dwelling, and modification of a HUD application.

Defendants move to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). As such, this Court lacks jurisdiction to review state court decisions. *Id.*; *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Although specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be

-2-

Case 5:09-cv-00311-BO   Document 16   Filed 07/14/10   Page 2 of 4

dismissed." *Twombly*, 544 U.S. at 1973.

Several of Plaintiff's claims in the instant case have been presented in two prior state court proceedings. In the first proceeding, Raleigh North Apartments obtained a judgment for possession of the premises and an order for summary ejectment in Wake County Court. *Raleigh North Apartments v. Sharon Holman*, No. 09 CVM 7074. In ordering Plaintiff's ejectment, the magistrate necessarily found that Plaintiff occupied a market rate unit as opposed to Section 8 subsidized housing. Therefore, this Court lacks jurisdiction to adjudicate Plaintiff's claims that she was wrongly evicted and that Defendants violated HUD regulations because Plaintiff did not reside in federally subsidized housing.

Plaintiff thereafter brought a civil action in Wake County Small Claims Court against the Millbank Court Apartments alleging that her property was stolen as a result of a failure to secure the premises. The Wake County Court found that Plaintiff did not prove her case by a preponderance of the evidence and dismissed the action. Therefore, this Court lacks jurisdiction to adjudicate Plaintiff's claims for failure to secure the premises.

This Court lacks either federal question or diversity of citizenship jurisdiction to adjudicate Plaintiff's remaining claims concerning the condition of the premises. And Plaintiff offers only conclusory and threadbare assertions that Defendants either modified a HUD application or the HUD application process. In sum, Plaintiff has not pled any claim for relief that may be maintained before this Court.

## CONCLUSION

This Court will not disturb the judgment of the North Carolina Courts in this matter. Plaintiff's proper recourse is an appeal in the North Carolina Courts rather than an action in this

-3-

Case 5:09-cv-00311-BO   Document 16   Filed 07/14/10   Page 3 of 4

Court. Therefore, Defendants' Motion to Dismiss is GRANTED. This matter is hereby DISMISSED.

SO ORDERED, this __12__ day of July, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE